

**Entered on Docket**
**November 24, 2009**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                              )    Case No. 09-20676-MKN
                                                    )
EDUARDO and NORMA TRUJILLO,                          )    Chapter 13
                                                    )
              Debtors.                               )
_____                )
In re                                               )    Case No. 09-21289-MKN
                                                    )
MARC R. and JACQUELINE D. ROTH,                      )    Chapter 13
                                                    )
              Debtors.                               )
_____                )
In re                                               )    Case No. 09-23240-MKN
                                                    )
CHRISTINE BARON,                                     )    Chapter 13
                                                    )
              Debtor.                                )    Date:   November 18, 2009
                                                    )    Time:   1:30 p.m.
_____                )

**ORDER REGARDING MOTION FOR RELIEF**
**FROM AUTOMATIC STAY**

A combined hearing in each of the above-captioned cases was held on November 18,

2009.  The appearances of counsel were noted on the record.  After arguments were presented, the

matters were continued to November 25, 2009 for issuance of an oral ruling.  The court having

considered the written and oral arguments of counsel, together with the record in the case, issues

this order instead of an oral ruling.

On June 19, 2009, Eduardo Trujillo and Norma Trujillo ("Trujillos") filed a voluntary petition under Chapter 13. Along with their petition, they filed their Schedules of Assets and Liabilities, their Statement of Financial Affairs, and their proposed Chapter 13 plan. On their real property Schedule "A", they list their residence as 3871 Conough Lane, Las Vegas, Nevada. The value of the Residence is shown as $245,000. On their exemption Schedule "C", the Trujillos claim a homestead exemption under Nevada Revised Statutes ("NRS") § 21.090(1)(m). On their secured creditor Schedule "D", the Trujillos list Wells Fargo Home Mortgage as holding a claim for a loan having a balance in the amount of $285,562 secured by a first mortgage against the residence. They also list Washington Mutual Mortgage as having a second mortgage against the residence securing a claim in the amount of $43,185.

Section 2.12.1 of the Trujillos' proposed plan provides that the postpetition payments to Wells Fargo Home Mortgage will be paid by the Chapter 13 trustee in an amount determined by the loan modification being attempted by the debtors.[1] Section 6.07 of the Trujillos' proposed plan provides that in the event creditor Wells Fargo requests relief from the automatic stay prior to the Trujillos and Wells Fargo entering into a modification of the home loan, "the trustee shall set aside adequate protection payments in a "Trustee Earmark Account"... equal to 0.25% of the value of the debtor's residence (based on the filing date of the debtor's petition) from the payments made into this chapter 13 plan."

On June 28, 2009, Marc R. Roth and Jacqueline D. Roth ("Roths") filed a voluntary petition under Chapter 13. Along with the petition, they filed their Schedules of Assets and Liabilities, their Statement of Financial Affairs, and their proposed Chapter 13 plan. On their real property Schedule "A", they list their residence as 9947 Shiloh Heights Street, Las Vegas, Nevada.

---

[1]    The Trujillos intend to avoid the second mortgage of Washington Mutual Mortgage by treating its entire claim as unsecured and discharging the claim through completion of their Chapter 13 plan.

The value of the residence is shown as $350,337. On their exemption Schedule "C", the Roths do not claim a homestead exemption on the residence. On their secured creditor Schedule "D", the Roths list Wells Fargo Home Mortgage as holding a claim in the amount of $440,000 secured by a first mortgage against the residence. They also list Bank of America as having a second mortgage against the residence securing a claim in the amount of $73,076. Section 2.12.1 of their proposed Chapter 13 plan provides that the postpetition payments to Wells Fargo Home Mortgage will be paid by the Chapter 13 trustee in an amount determined by the loan modification being attempted by the debtors. Section 6.03 of the Roths' proposed plan contains the same language as Section 6.07 of the proposed plan in the Trujillo case.[2]

On July 23, 2009, Christine Baron ("Baron") filed a voluntary petition under Chapter 13. Along with her petition, she filed her Schedules of Assets and Liabilities, her Statement of Financial Affairs, and her proposed Chapter 13 plan. On her real property Schedule "A", she listed her residence as 2721 Heathrow Street, Las Vegas, Nevada. The value of the residence is shown as $143,000. On her exemption Schedule "C", Baron claims a homestead exemption under NRS 21.090(1)(m). On her secured creditor Schedule "D", Baron lists Select Portfolio as holding a claim in the amount of $216,033 secured by a first mortgage against the residence. She also lists Select Portfolio as having a second mortgage against the residence securing a claim in the amount of $55,251. Section 2.12.1 of her proposed plan provides that the postpetition payments to Select Portfolio will be paid by the Chapter 13 trustee in an amount determined by the loan modification being attempted by the debtors.[3] Section 6.03 of Baron's proposed plan contains the same language as Section 6.03 of the Roths' proposed plan and Section 6.07 of the Trujillos' proposed plan, but

---

[2]    The Roths intend to avoid the second mortgage of Bank of America by treating its entire claim as unsecured  and discharging the claim through completion of their Chapter 13 plan.

[3]    Baron intends to avoid the second mortgage of Select Portfolio by treating its entire claim as unsecured and discharging the claim through completion of her Chapter 13 plan.

references Select Portfolio Services instead of Wells Fargo.[4]

Motions for relief from automatic stay ("RAS Motions") have been filed in each of the cases.[5]  In the Trujillo and Roth cases, Wells Fargo seeks relief for cause under Section 362(d)(1)[6], arguing that the adequate protection payment proposed under the plans is insufficient.  Wells Fargo also argues that the Trujillos and the Roths lack equity in their respective residences and that they are not necessary for an effective reorganization within the meaning of Section 362(d)(2).  In the Baron case, Select Portfolio[7] argues that it lacks adequate protection under Section 362(d)(1) and that "in rem" relief also should be granted under Section 362(d)(4) because Baron has filed multiple bankruptcies.[8]

To obtain relief from the automatic stay, the moving party must first establish a prima facie case that "cause" exists for relief under Section 362(d)(1).  See Duvar Apartments, Inc. v. Federal Deposit Insurance Corp. (In re Duvar Apartments, Inc.), 205 B.R. 196, 200 (B.A.P. 9th Cir.

---

[4]    Baron filed an amended Chapter 13 plan on September 23, 2009, but the provisions relevant to the RAS Motions was not changed.

[5]    Where appropriate, the Trujillos, Roth and Baron are collectively referred to as "Debtors" and individually as "Debtor".

[6]    Hereafter, all references to "Section" in this order are to the provisions of Title 11 of the United States Code, unless otherwise indicated.

[7]    In Baron, the relief from stay motion as to the first mortgage is brought by Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Soundview Home Loan Trust 2005-1 Asset-Backed Certificates, Series 2205-1, its assignees and/or successors and the servicing agent SELECT PORTFOLIO SERVICNG, INC.  For purposes of this order, the moving party is referred to as Select Portfolio, just as the first mortgage holder is referred to in the debtor's schedules and proposed plan.

[8]    In Baron, the debtor had a previous bankruptcy case, Case No. 08-18988, that was dismissed on July 21, 2009.  Baron filed her current case on July 23, 2009.  Under Section 362(c)(3), the automatic stay in the current case terminated with respect to the debtor on or about August 22, 2009, because she did not seek a continuance of the stay pursuant to Section 362(c)(3)(B).  The stay remains in place, however, as to the bankruptcy estate.

1996).  Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted.  See 11 U.S.C. § 362(g)(2).  If the moving party fails to meet its initial burden, relief from the automatic stay should be denied.  See Spencer v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 110 (2d Cir. 2002).[9]

In each of these cases, the moving parties have not shown that the subject properties are declining in value and therefore have not made a prima facie case establishing cause for relief from stay.  See In re Weinstein, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998); Qmect, Inc. v. Burlingame Capital Partners, II, L.P., 373 B.R. 682, 690 (N.D.Cal. 2007); In re Farmer, 257 B.R. 556, 560 (Bankr.D.Mont. 2000).   None of the RAS Motions are accompanied by evidence demonstrating that the subject residence has decreased in value since the bankruptcy cases were commenced.  The amount of an adequate protection payment, if any, would be determined by the amount by which the collateral diminishes in value during the period in which the automatic stay remains in place, not by the payment due on the underlying obligation.  See In re Weinstein, supra; Qmect, Inc., supra; In re Farmer, supra, 257 B.R. at 562.  See also Paccom Leasing Corp. v. Deico Electronics, Inc. (In re Deico Electronics), 139 B.R. 945, 947 (B.A.P. 9th Cir. 1992).  Whether the adequate protection provision in the Debtors' proposed plans is sufficient cannot be determined since there is no evidence that the proposed 0.25% of value figure is representative of the current decline, if any, of the underlying collateral.  Upon a proper showing that the moving parties are entitled to adequate protection payments at all, the amount of such payments will be determined.

As to relief from stay under Section 362(d)(2), the Debtors' lack of equity in the subject properties is admitted in the Debtors' schedules.  To establish that the subject property is "necessary to an effective reorganization" under Section 362(d)(2)(B), a debtor must provide some evidence

---

[9]    In any hearing seeking relief from stay under Section 362(d) of any act encompassed by Section 362(a), the moving part has the burden of proof "on the issue of the debtor's equity in property" while the opposing party has the burden of proof on all other issues.  See 11 U.S.C. § 362(g).

1  that she or he can propose a plan of reorganization that has "a reasonable possibility of being

2  confirmed within a reasonable time." See United Savings Association of Texas v. Timbers of

3  Inwood Forest Associates, Ltd., 484 U.S. 365, 376, 108 S.Ct. 626, 633 (1988). See also 3 Collier on

4  Bankruptcy, ¶ 362.07[4][b] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2009).

5  Compare 11 U.S.C. § 362(d)(3)(A) (relief from stay in single asset real estate cases).

6          As conceded by Debtors' counsel, there is no dispute that in all three cases, the real

7  properties securing the aforementioned obligations are the primary residences of the respective

8  Debtors.  While the rights of creditors may be modified in a Chapter 13 plan, the rights of creditors

9  secured only by interests in the Chapter 13 debtor's primary residence cannot be modified.  See 11

10  U.S.C. § 1322(b)(2).  As currently proposed, the Trujillo, Roth and Baron plans include inchoate

11  loan modifications that presumably would have to result in payments that are feasible under Section

12  1325(a)(6).  At oral argument, counsel for the Debtors argued that alternative plans might be

13  proposed in the event the Debtors cannot successfully modify their loans.  While each of the

14  Debtors' cases apparently was filed because of their respective inability to make the current

15  monthly payments on their loans,  the court cannot conclude at this juncture that their current plans

16  cannot be confirmed.  Given that the proposed loan modifications are consensual in nature, it also

17  seems clear that each of the moving parties can quell any hope of confirming the current plans by

18  simply refusing to agree to a loan modification that feasibly could be performed.  That none of the

19  moving parties have rejected the Debtors' loan modification requests leaves open the possibility that

20  the current proposed plans may be confirmed.  In short, each of the Debtors herein have proposed

21  plans that have a reasonable possibility of being confirmed in a reasonable time.

22          As to Baron, there is no evidence offered by Select Portfolio that this Debtor filed her

23  current bankruptcy case as "part of a scheme to delay, hinder and defraud creditors" that involved

24  "multiple bankruptcy filings" affecting her residence.  In rem relief from stay under Section

25  362(d)(4) requires proof of a scheme not only to delay and hinder creditors, but more importantly to

26

defraud creditors.  See In re Poissant, 405 B.R. 267, 273 (Bankr.N.D.Ohio 2009); In re Smith, 395 B.R. 711, 719-20 (Bankr. D. Kan. 2008).  While it is clear that the bankruptcy filing has delayed Select Portfolio and hindered its efforts to foreclose on Baron's residence, there is no evidence on which to infer that a scheme to defraud creditors is present.[10]

        **IT IS THEREFORE ORDERED** that Motion for Relief from Automatic Stay brought by Wells Fargo Home Mortgage and by Select Portfolio in the above-captioned cases be, and the same hereby are, **DENIED without prejudice.**

        **IT IS FURTHER ORDERED** that the continued hearings in these matters scheduled for November 25, 2009, at 9:30 a.m. are **VACATED.**

Copies noticed through ECF to:

        CHRISTIAN N. GRIFFIN igotnotices@hainesandkrieger.com

---

        [10]    In its motion, Select Portfolio provides a partial citation to a case entitled In re Doris Ann Young, 2007 Bankr. LEXIS 229 (Bankr.S.D.Tex. 2007) [2007 WL 128280] in which relief under Section 362(d)(4) was granted.  In that case, however, the debtor and her relatives had been involved in seven bankruptcy cases under different chapters and in the six prior cases asserted an interest in the same real property. The previous six petitions were filed to stop a foreclosure on the real property and all of the prior cases were dismissed for violation of court orders or noncompliance with the Bankruptcy Code or Bankruptcy Rules.  An evidentiary hearing was conducted in the seventh case on the debtor's motion to continue the automatic stay under Section 362(c)(3) at which the debtor testified at length, along with several other witnesses.  The bankruptcy court concluded that the debtor had failed to meet her burden of proving by clear and convincing evidence that the seventh bankruptcy case was filed in good faith and denied her motion to continue the automatic stay.  Concurrently, the court heard a creditor's motion for in rem relief from stay against the same real property under Section 362(d)(4). Based on the debtor's testimony, the conflicting testimony of the debtor's husband, the improper pro se bankruptcy petitions filed by related fictitious entities, the repeated noncompliance with state court orders, the false affidavit submitted by the debtor's daughter, and testimony in conflict with answers to state court discovery, the bankruptcy court concluded that the creditor had proven a scheme to defraud creditors within the meaning of Section 362(d)(4).  An order granting in rem relief from stay therefore was entered.  In the Baron case, Select Portfolio has not provided any evidence even close to that which existed in the Young case.  No basis for granting similar relief exists.

GREGORY L. WILDE bk@wildelaw.com

RICK A. YARNALL ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

DAVID KRIEGER igotnotices@hainesandkrieger.com

SETH J. ADAMS NVBKCOURT@mccarthyholthus.com, bknotice@mccarthyholthus.com
U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov

and sent to BNC to:

      All parties on BNC mailing list

# # #